FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAY 1 PM 3 57

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

HAKAN AGRO DMCC,

Plaintiff,

v.                Case No. 13–CV–21–ABJ

UNOVA HOLDINGS, LLC,

Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Hakan Agro DMCC entered into a contract with Unova Holdings, LLC, agreeing to sell Unova a huge quantity of chicken for $2.1 million. Hakan delivered the chicken but Unova failed to pay, so Hakan sued Unova for breach of contract. After Unova failed to file a timely responsive pleading to Hakan's complaint, the clerk entered a default against Unova. That prompted Unova to file this motion. Unova argues the Court should set aside the default because Unova has a good excuse for its default, because Hakan won't be harmed by setting aside the default, and because Unova has meritorious defenses to Hakan's claim. The Court disagrees. It concludes that Unova has failed to assert a meritorious defense and therefore **DENIES** Unova's motion to set aside the default.

## FACTS

This case is what breach of contract looks like in the global marketplace of the twenty-first century. It's a case about a company from the United Arab Emirates (Hakan Agro DMCC) selling chicken to a Wyoming company operating out of Turkey (Unova Holdings, LLC) for the purpose of reselling the chicken to the sovereign government of Turkmenistan.

While this case may be a bit complicated geographically, it's not all that complicated factually. A few years ago, Hakan entered into a contract with Unova, agreeing to sell Unova a huge quantity of chicken leg quarters in exchange for $2.1 million. Hakan delivered the chicken, but Unova didn't deliver the cash. They tried working things out through an alternative payment scheme, but when that fell through Hakan sued Unova for breach of contract.

Unova's registered agent in Wyoming was properly served on February 1, 2013. Under Federal Rule of Civil Procedure 12(a), Unova had twenty-one days—that is, until February 22, 2013—to serve a responsive pleading. When Unova failed to do so, Hakan filed a motion under Federal Rule of Civil Procedure 55(a) asking the clerk to enter a default against Unova. The clerk granted the motion and entered the default.

Unova then filed this motion under Rule 55(c) asking the Court to set aside the default. Unova says it has a good reason for not responding on time: It didn't even know about this lawsuit until late March 2013, several months after the complaint was filed and a month after the time for serving a response had expired. Apparently, Unova works with a company in Switzerland named Fidinam that receives Unova's mail from the United States and then forwards it to Unova's offices in Turkey. Unova alleges that Fidinam dropped the ball by failing to

forward Hakan's complaint until late March 2013. And because no one at Unova speaks or reads English, it took Unova almost a month to find an attorney in the United States. But once Unova finally found a local attorney, it quickly filed this motion.

In addition to having a good excuse, Unova also argues that setting aside the default will not harm Hakan given the nascent stage of this litigation. Further, Unova contends that Hakan has breached some of its other contracts with Unova such that Unova has potential counterclaims or setoffs against Hakan. These counterclaims, according to Unova, constitute a defense to Hakan's claim and are yet another reason for the Court to set aside the default.

The Court first will discuss the rules governing Rule 55(c) motions. It will then apply those rules to the facts here. A brief conclusion follows.

## DISCUSSION

Rule 55(c) allows a district court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). Because courts prefer to decide cases on the merits, they construe good cause liberally to avoid disposition by default. *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.70[1] (3d ed. 2013). Courts consider a number of factors in determining whether good cause exists, including whether the defaulting party's culpable conduct caused the default, whether setting aside the default will prejudice the non-moving party, and whether the defaulting party has a meritorious defense. *See United States v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993).

On this last factor, a defaulting party must assert a meritorious defense to set aside a default. *Id.* And the defaulting party must do more than merely assert that it has such a defense; it must support that defense with sufficient facts. *Gomes*, 420 F.2d at 1366. The court assumes these factual allegations are true. *Id.* The defaulting party doesn't need to prove its defense would be successful at trial. *See In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Rather, the defaulting party need only assert a legally-cognizable defense that, if proved at trial, would constitute a defense. *Id.* However, if the defaulting party fails to assert a meritorious defense, or fails to support that defense with sufficient facts, the court may deny the motion to set aside the default. *Gomes*, 420 F.2d at 1366.

Here, Unova has failed to assert a meritorious defense. In its motion, Unova did not dispute that it breached the contract with Hakan and that it owes the money requested in the complaint. *See generally* Def.'s Mot., ECF No. 9. Nor did Unova contest its liability during the hearing on this motion. *See, e.g.*, Mot. Hr'g Tr. 2:2–10:14, 25:14–28:3. Unova simply has never disputed that it's liable to Hakan for breach of contract and has thus failed to raise any defense to Hakan's claim. That being the case, the Court denies Unova's motion to set aside the default. *Cf. Wokan v. Alladin Int'l, Inc.*, 485 F.2d 1232, 1234 (3d Cir. 1973) (affirming the district court's denial of the defendant's motion to set aside default in breach of contract case where the defendant did not dispute it owed the money under the contract).

Unova says the reason it breached the contract with Hakan is because Hakan has breached some of its other contracts with Unova. According to Unova, these breaches by Hakan provide Unova with setoffs or counterclaims against Hakan. And, under Unova's theory, these

counterclaims constitute a defense to Hakan's claim sufficient to satisfy the meritorious defense requirement.

The Court disagrees. It is *not* a defense to a breach of contract claim that the plaintiff has breached *other* contracts between the parties. 13 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 39:2 (4th ed. 2000) ("A party to a contract is not excused for nonperformance due to the fact that the other party to the contract has breached a separate contract between them . . . ."). Thus, even if Hakan had breached some of its other contracts with Unova, those breaches would not constitute a defense to the claim that Unova has breached *this* contract. The Court therefore rejects Unova's contention that its potential counterclaims against Hakan constitute a defense.

The Court recognizes that some authority supports the proposition that "the interposition of apparently meritorious counterclaims by a defaulting party, even though they do not answer the substance of the complaint, may justify relief from a default." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2697 (3d ed. 1998) (citing *Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955) (per curiam)). The seminal case for that proposition is *Williams v. Blitz*, where the Fourth Circuit held that a counterclaim may satisfy the meritorious defense requirement for setting aside a default. *See Blitz*, 226 F.2d at 464.

Although the Court is aware of *Blitz*, the Court declines to follow it. *Blitz* is not a well-reasoned opinion. It consists of a single paragraph, contains no analysis, and offers no explanation for why counterclaims should be treated as defenses under Rule 55. Additionally, the majority of courts have rejected it. *Hampton v. Am. Plumbing & Sewer, Inc.*, No. 95 C 1836,

1996 WL 3966, at *1 (N.D. Ill. Jan. 3, 1996) (collecting cases). Most courts have held, as this Court does now, that "[a] counterclaim on an unrelated matter does not satisfy the meritorious defense requirement" for setting aside a default under Rule 55. *Id.*

That holding is consistent with the reason courts consider the meritorious defense factor in the first place. Courts inquire about a meritorious defense because if the defaulting party doesn't have one then setting aside the default is pointless. *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010); 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.70[2][d] (3d ed. 2013). If the defaulting party has no defense to the plaintiff's claim, there's simply nothing to fight about at trial and setting aside the default needlessly delays entry of judgment against the defaulting party. *See id.* Here, because Unova has failed to assert a meritorious defense to Hakan's breach of contract claim, setting aside Unova's default on that claim would serve no purpose other than to delay the inevitable.

## CONCLUSION

A court may deny a motion to set aside a default if the defaulting party has failed to assert a meritorious defense. Here, the Court concludes that Unova has failed to assert a meritorious defense and therefore **DENIES** Unova's motion to set aside the default.

Dated this ___1st___ day of May, 2013.

Alan B. Johnson
United States District Judge